# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **PAULA GAIL HARRIS,** | **)** | |
| | **)** | |
| **Claimant,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Civil Action No. 6:25-cv-1328-CLS** |
| | **)** | |
| **FRANK BISIGNANO,** | **)** | |
| **Commissioner of Social Security,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## MEMORANDUM OPINION

Paula Gail Harris commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security, affirming the decision of an Administrative Law Judge ("ALJ") and, thereby, denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

## I. STANDARDS OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and, whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).  The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

## II.  DISCUSSION

The ALJ found that claimant had the following severe impairments: obesity; seronegative rheumtoid arthritis; mild osteoarthritis of the hands; polyosteoarthritis; recurrent maxillary sinusitis; and status post septal nasal reconstruction/endoscopy.[1] The ALJ found that claimant's medically determinable mental impairments of anxiety and depression were non-severe — *i.e.*, they had no more than a minimal effect on claimant's physical or mental ability to perform work.[2]  Even so, the ALJ concluded that claimant retained

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she can occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds.  She can stand and/or walk in combination, with normal breaks, six hours during an eight-hour workday and she can sit, with normal breaks, for six to eight hours during an eight-hour workday.  The claimant can occasionally climb ramps and stirs and should never climb ladders, ropes, or scaffolds.  The claimant can occasionally balance, stoop, kneel, crouch, and crawl.  She can frequently perform fine and gross manipulations with her hands bilaterally.  She can tolerate occasional

---

[1] Tr. 30.

[2] Tr. 30-31.

exposure to pulmonary irritants, as they are defined in the Dictionary of Occupational Titles (DOT), including fumes, dusts, odors, gases, and areas of poor ventilation. She can tolerate occasional exposure to extreme heat, extreme cold, wetness, humidity and working in areas of vibration. The claimant should avoid exposure to industrial hazards including working at unprotected heights and working in close proximity to moving dangerous machinery.

Tr. 34. Based upon review of the medical evidence, claimant's subjective reports of her limitations, and the testimony of the vocational expert, the ALJ concluded that claimant could perform past relevant work as a school system media specialist.[3] Accordingly, the ALJ found that claimant had not been under a "disability" as defined in the Social Security Act.[4]

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, she asserts that: (1) the ALJ failed to consider her non-severe mental impairments in combination with her chronic pain; (2) the ALJ failed to consider her hearing testimony; and (3) the ALJ erroneously found that claimant could perform fine and gross manipulations with her hands bilaterally and that she was not limited in reaching.[5] For the reasons below, the court concludes that claimant's contentions lack merit.

---

[3] Tr. 42.

[4] Tr. 43.

[5] Doc. no. 20 (Claimant's Opening Brief), at 6.

**A.    Claimant's Mental Impairments**

Claimant argues that the ALJ failed to consider her mental impairments of anxiety and depression in combination with her chronic pain when formulating the residual functional capacity.  The ALJ performed a thorough review of the medical evidence of claimant's mental impairments, as well as the subjective statements contained in Function Reports completed by claimant, over four broad functional areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and, adapting or managing oneself.[6] Based upon claimant's subjective reports and the absence of significant treatment by a mental health professional, the ALJ concluded that there was no more than a minimal limitation on claimant's ability to perform basic mental work activities.[7] While the ALJ did not specifically revisit claimant's medically determinable mental impairments of anxiety and depression when formulating claimant's residual functional capacity, she stated that the residual functional capacity assessment "reflects the degree of limitation the [ALJ] has found" when evaluating the functional areas.[8]    Accordingly, the court concludes that the ALJ adequately considered plaintiff's minimal mental limitations when determining claimant's capacity for work.

---

[6] Tr. 31-32.

[7] Tr. 31.

[8] Tr. 32.

**B.    Claimant's Hearing Testimony**

Claimant also contends that remand is warranted because the ALJ did not specifically evaluate claimant's hearing testimony about her subjective symptoms. Even so, the ALJ evaluated the symptoms that claimant reported on two "Function Reports," submitted in support of her application for disability benefits.[9]   The symptoms that claimant reported on those forms were consistent with, and in some instances more restrictive than, her hearing testimony.   For example, claimant testified that she could stand for an hour,[10] but, in her Function Report dated March 1, 2024, she stated that she could stand for only 10 to 15 minutes.[11]  She both testified and reported that:  all of her joints cause her pain;[12] she missed 79 days of work during her last year of employment;[13] and, she sometimes took naps during the day because she did not sleep well at night due to her medical conditions.[14]  Accordingly, the ALJ's conclusion that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical

---

[9] Tr. 250-57 (December 1, 2022 Function Report); tr. 276-83 (March 1, 2024 Function Report).

[10] Tr. 67 (transcript of administrative hearing).

[11] Tr. 281. (March 1, 2024 Function Report).

[12] Tr. 59 (transcript of administrative hearing); tr. 250 (December 1, 2022 Function Report); tr. 276 (March 1, 2024 Function Report).

[13] Tr. 58 (transcript of administrative hearing); tr. 276 (March 1, 2024 Function Report).

[14] Tr. 70 (transcript of administrative hearing); tr. 251 (December 1, 2022 Function Report).

evidence contained in the record is supported by substantial evidence.

## C.      Manipulative Limitations

Finally, claimant contends that the ALJ's finding that claimant could frequently perform fine and gross manipulations bilaterally is not supported by substantial evidence.   Specifically, claimant contends that "the ALJ pointed to no specific inconsistent evidence to support her rejection of" claimant's subjective complaints and the medical opinions that corroborated claimant's symptoms.[15]  To the contrary, the ALJ thoroughly reviewed the medical evidence in the record against claimant's subjective reports of her symptoms, and concluded:

> [g]reater limitation and the inability to work as alleged by the claimant has been found inconsistent with the abnormality shown throughout claimant's physical examinations within the record, the absence of findings of abnormality consistent with the significant limitation the claimant alleges is present related to the use of her hands, the conservative nature of the treatment received by claimant, the treatment she has received consisting almost exclusively of regularly scheduled visits to her primary care physician and rheumatologist no more frequent than every three months . . . .

Tr. 42 (alteration supplied).  That conclusion was based upon the ALJ's determination that the limitations imposed by Dr. Batchelor's "Medical Source Statement" were inconsistent with only one objective medical finding of decreased musculoskeletal

---

[15] Doc. no. 20 (Claimant's Opening Brief), at 16.

range of motion.[16]  In contrast, other contemporaneous medical records from claimant's treating rheumatologist show that claimant had full range of motion, strong hand grip, and isolated tenderness.[17]  Additionally, the consultative examiner found that claimant was able to pinch, grab, and manipulate, and to fully extend her hand and make a fist, with a minimal decrease in grip strength.[18]  In sum, the manipulative restrictions imposed by the ALJ in claimant's residual functional capacity are supported by substantial evidence.

### III.  CONCLUSION

For all of the foregoing reasons, this court concludes that the Commissioner's decision that claimant was not disabled is supported by substantial evidence, that it is in accordance with applicable law, and it is due to be affirmed. A judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 13th day of August, 2026.

_____
Senior United States District Judge

---

[16] Tr. 41.

[17] Tr. 569-70.

[18] Tr. 495-500.